IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WESLEY PRATT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-27-RP |
| JPMORGAN CHASE BANK, et al., | § § § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff Wesley Pratt's ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1915(e), (Dkt. 1). (R. & R., Dkt. 7). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on January 10, 2025. (*Id.*). Judge Lane recommends that this Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because the parties do not appear to be diverse, and Plaintiff has not described any alleged violations of federal law in his Complaint. (*Id.* at 3).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

On January 31, 2025, Plaintiff, proceeding *pro se* in this action, filed a document titled "Writ of Re-Entry and Request for Relief." (Dkt. 11). The document appears to have been filed also in the District Court of Travis County, Texas. (*Id.*). In the filing, Plaintiff reiterates his request for relief and provides an alleged factual background to his case. (*Id.*). This filing does not contain any direct objections to the magistrate judge's report and recommendation, nor does it provide any facts or arguments that would suggest that this Court does have subject matter jurisdiction over this case. However, courts are instructed to liberally construe the briefs of *pro se* litigants. *See Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). As such, the Court will construe Plaintiff's January 31 filing as an objection and reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 7), is **ADOPTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on February 3, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2